Virgil McWHORTER, Appellant,

v.

CITY OF RICHMOND, Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1974.

1. 59 Am.Jur.2d, Partnership, Sec. 7,932.

2. Id.

Eugene S. Wiggins, Richmond, for appellant.

Thomas D. Shumate, John D. Sword, Richmond, for appellee.

JONES, Justice.

Virgil McWhorter was the duly elected Mayor of the city of Richmond, Kentucky for a term commencing in November 1967 and ending January 5, 1970. His salary was fixed by ordinance at $3,000.00 per annum. During the years 1968 and 1969, McWhorter was paid the sum of $150.00 per month for expenses for a period of 24 months.

The city of Richmond filed an action in Madison Circuit Court to recover payment of the $3600.00. It claimed the payment for expenses was unauthorized.

The trial court entered a summary judgment for the city and adjudged that it recover the sum of $3,600.00 with interest and costs. McWhorter appeals alleging that the trial court erred in allowing the city to recover the expenses paid him.

The trial court found that the Richmond city ordinance #A–630 listed the Mayor's salary at $3,000.00 and under an item styled, "Mayor's Expense Account", $1,800.00. The monthly checks show that the amount paid was "for Mayor's expense account." The only other reference to the Mayor's expense account for the years in question is contained in the minutes of the actions of the council of the City of Richmond. The minutes read:

> "On motion of Councilman Willoughby, seconded by Councilman Farrell, the City Attorney was directed to draw an ordinance authorizing the clerk to pay to the Mayor $150 per month to cover car, travel, and miscellaneous expenses. Said grant to be retroactive to January 1, 1968."

There is nothing in the record, and the trial court so found, that such ordinance was adopted. No vouchers, receipts, or itemization of expenditures of any kind were submitted by McWhorter to the city of Richmond to support any item of claimed expense. The law in Kentucky is clear concerning expense accounts of public officials.

> "It is our opinion that a claim for automobile expenses should not be allowed without a showing of the purpose and official necessity of each trip, and the distance traveled on each trip." Funk v. Milliken, Ky., 317 S.W.2d 499, 507 (1958).

Even if the expenses are fixed *in advance,* ". . . the officer still will be required to submit a detailed account of the expenses, with adequate supporting data, in order to obtain credit." *Funk,* supra, p. 507.

McWhorter's contention that the payment of $150.00 per month for auto and travel expense was valid is without merit. This would constitute the payment of a lump-sum expense allowance, which is prohibited by statute.

"No public officer or employe shall receive or be allowed or paid any lump sum expense allowance, or contingent fund for personal or official expenses, except where such allowance or fund either is expressly provided for by statute or is specifically appropriated by the general assembly." KRS 64.710.

The judgment is affirmed.

All concur except REED, J., who is not sitting.